MEYERHOFF v TURNER CONSTRUCTION COMPANY
(ON REMAND)

Docket No. 181791. Submitted January 4, 1995, at Lansing. Decided May 12, 1995, at 9:05 A.M.

Ronald M. Meyerhoff and others brought an action in the Wayne Circuit Court against Turner Construction Company and others, alleging exposure to asbestos and seeking damages for medical monitoring or surveillance, emotional distress due to fear of contracting cancer, and increased risk of cancer. The court, James E. Mies, J., granted summary disposition for the defendants, ruling that the plaintiffs, who were free of cancer, failed to allege an underlying injury. The Court of Appeals, SULLIVAN, P.J., and JANSEN, J. (R. R. LAMB, J., dissenting in part), affirmed the dismissal of the claim for emotional distress but reversed the dismissal of the claim for medical monitoring, holding that the plaintiffs' allegations were insufficient to state a claim for emotional distress, that medical-monitoring expenses are a compensable item of damages where the proofs demonstrate that the monitoring of the effects of exposure to toxic substances, such as asbestos, is reasonable and necessary, and that an underlying injury or manifestation of disease need not exist before the plaintiffs may advance their claim for medical-monitoring damages. The Court of Appeals remanded the case to the trial court to allow the plaintiffs to amend their complaint to better state a claim for emotional distress, unless the trial court determined that amendment would be futile. 202 Mich App 499 (1993). The Supreme Court, in lieu of granting leave to appeal, vacated the opinion of the Court of Appeals and remanded the case to the Court of Appeals for reconsideration of the propriety of the trial court's grant of summary disposition in light of certain facts of which the trial court had taken judicial notice. 447 Mich 971 (1994).

On remand, the Court of Appeals *held*:

1. The trial court erred in taking judicial notice because the facts of which the trial court took judicial notice did not meet the requirements of MRE 201(b) as being generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

2. The error concerning judicial notice does not affect the

holding in the prior opinion of the Court of Appeals concerning damages for medical monitoring and the claim for emotional distress.

Affirmed in part, reversed in part, and remanded.

*Chambers, Steiner, Mazur, Ornstein & Amlin, P.C.* (by *Angela J. Nicita*), for the plaintiffs.

*Plunkett & Cooney, P.C.* (by *Robert G. Kamenec* and *Kelly A. Freeman*), for Turner Construction Company and City of Detroit.

ON REMAND

Before: JANSEN, P.J., and HOLBROOK, JR., and MICHAEL J. KELLY, JJ.

JANSEN, P.J. This case is before us on remand from the Supreme Court, which vacated our prior opinion and remanded for reconsideration of the propriety of the trial court's grant of summary disposition pursuant to MCR 2.116(C)(8) in light of certain judicially noticed facts. *Meyerhoff v Turner Construction Co,* 447 Mich 971 (1994). We hold that the trial court erred in considering the judicially noticed facts and erred in granting summary disposition pursuant to MCR 2.116(C)(8). We, therefore, reaffirm the rule of law set forth in our previous opinion. *Meyerhoff v Turner Construction Co,* 202 Mich App 499; 509 NW2d 847 (1993).

Plaintiffs are twenty-one construction workers who allege that they were exposed to asbestos and asbestos-containing products from February 1987 through April 1988 in the course of their employment while working on the City of Detroit's Cobo Hall expansion project. Plaintiffs have apparently not suffered any presently identifiable physical injuries resulting from the alleged exposure; how-

ever, they brought suit against defendants seeking damages for medical monitoring or surveillance, emotional distress due to the fear of contracting cancer, and the increased risk of contracting cancer.

Defendants moved for summary disposition, alleging that plaintiffs failed to state a claim upon which relief could be granted. MCR 2.116(C)(8). The trial court granted the motion on the basis that plaintiffs did not allege an underlying injury, and that, therefore, their claim was premature. In ruling on the motion, the trial court made the following statements:

> I think the premise, and I would like it to be clear that the premise upon which I am deciding the case is that there isn't any underlying injury. There is simply the exposure and no injury yet and a desire to recover for medical monitoring and the fear of cancer.
>
> Now, I am recognizing although there has not been discovery in this case, and I have not been provided with depositions and affidavits and so on for the proposition that one, asbestosis is a latent disease. There really isn't a great deal of treatment that is available for it. And thirdly, that the cancer does not, is not more likely than not to occur simply from an exposure to asbestos once you have got asbestosis.
>
> You might find some studies and you might find some experts who might testify that once you have asbestosis, it might be a more likely than not, maybe more likely than not, you might get cancer.
>
> But I am deciding it on that basis. Now, I recognize that that has not all been flushed out by discovery. But everybody that has handled any asbestos litigation including all of you know those things quite well.
>
> * * *
>
> I am taking them as true, but I am also adding

to that, and I guess this might have some aspect of the (C)(10) motion, I am adding to that the things that I think are so well known about the disease that I can judicially notice.

\* \* \*

The latency, the fact that there isn't any real treatment for asbestosis. There isn't any cure. If I know today that I am going to get it five years from now, there isn't anything that I can do that I am going to prevent it. So, monitoring isn't going to be helpful.

\* \* \*

Those are the things that I think are factual kinds of things. And somebody that has never been involved in an asbestos case will say you have got to take some depositions. You have got to have some doctors come in and tell us all of that stuff. But everybody in this room who has been involved in asbestos litigation knows all of those facts.

\* \* \*

I am taking the allegation in the complaint as true. And inasmuch as there is no allegation that they have an injury now, I feel that their claim is premature.

Under MRE 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." We find that the facts that the trial court took judicial notice of were neither generally known within the territorial jurisdiction of the trial court nor capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Thus, the trial court erred in taking judicial notice of these facts.

Although it was error for the trial court to take judicial notice of the above-stated facts, that does not affect our holding in our prior opinion. We reaffirm our prior holding that medical-monitoring expenses are a compensable item of damages where the proofs demonstrate that such surveillance to monitor the effect of exposure to toxic substances, such as asbestos, is reasonable and necessary. In determining whether medical-monitoring expenses are reasonable and necessary, the following factors are to be considered: the significance and extent of the exposure; the toxicity of the substance; the seriousness of the diseases for which the individuals are at risk; the relative increase in the chance of onset of disease in those exposed; and the value of early diagnosis. Further, the need for medical diagnostic examinations must be supported by competent, reliable expert testimony.

Accordingly, the trial court erred in requiring the presence of an underlying injury or manifestation of disease before recognizing a claim for medical monitoring or surveillance. We conclude that medical monitoring constitutes a viable legal claim upon which relief may be granted.

With respect to the claim of intentional infliction of emotional distress based on the fear of contracting cancer, we reiterate that plaintiffs shall be given an opportunity to amend their complaint to state a claim for emotional distress due to the fear of contracting cancer, unless the trial court determines that such an amendment would be futile. MCR 2.118(A)(2).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. Jurisdiction is not retained.